| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE<br>STATE OF COLORADO<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: January 21, 2021 4:44 PM<br>FILING ID: C71D7FCACF9DA<br>CASE NUMBER: 2021CV30129 |
| **Plaintiff:**<br><br>   **CENYTHIA GREEN**<br><br>v.<br><br>**Defendant:**<br><br>**DOLLAR TREE STORES, INC.**, a<br>Foreign Corporation d/b/a **DOLLAR<br>TREE #2580** | ▲ COURT USE ONLY ▲<br><br>Case No.<br><br>Division: |
| *Attorneys for Plaintiff*:<br>Geoffrey S. Gulinson, #19351<br>Geoffrey S. Gulinson & Associates, P.C.<br>4155 East Jewell Avenue, Suite 402<br>Denver, CO 80222<br>Phone: (303) 753-0037<br>Fax: (303) 753-4599<br>geoff@geoffreysgulinson.com | |
| **COMPLAINT** | |

Plaintiff Cenythia Green (hereinafter "Plaintiff"), by and through her undersigned attorneys, Geoffrey S. Gulinson & Associates, P.C. and for her Complaint against Defendant Dollar Tree Stores, Inc., a Foreign Corporation d/b/a Dollar Tree #2580, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Cenythia Green resides at 4362 Kirk Court in Denver, Colorado 80249.

2. Defendant Dollar Tree Stores, Inc. is a foreign corporation authorized to do business in the State of Colorado, and whose registered agent is Corporation Service Company located at 1900 W. Littleton Boulevard in Littleton, Colorado 80120.

3. Dollar Tree Stores, Inc. owns the Dollar Tree #2580 store located at 13686 E. Alameda Avenue, Unit A in Aurora, Colorado 80012, where Plaintiff fell and was injured.

4. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

5. Personal jurisdiction is proper in this Court as the fall occurred in Aurora, Arapahoe County, State of Colorado.

6. This action is governed by the Colorado Revised Statutes, applicable statutes and regulations, administrative safety standards and common-law mandates as indicated herein, in the C.R.C.P. 16 Trial Management Order and at trial.

## FACTUAL STATEMENTS

7. Plaintiff hereby affirms, alleges and incorporates the allegations contained in the above paragraphs as though set forth fully herein.

8. On or about December 20, 2019, Plaintiff was a business "invitee" of the Dollar Tree store located at 13686 E. Alameda Avenue, Unit A in Aurora, Colorado.

9. The fall occurred when Plaintiff was shopping in the Dollar Tree and suddenly tripped on a case of bottled water that was improperly placed on the store floor partially protruding from under a register.

10. As a result of the fall, Plaintiff injured her left elbow, neck, and left hand, all requiring surgery.

11. Defendant, through its employees, knew or should have known that there was a case of bottled water on the store floor protruding from one of the registers.

12. The store manager advised Plaintiff that the case of water had been left there by a store employee for another customer who was supposed to come back for it. The store manager admitted to Plaintiff that the case of water protruding from under a register was a hazard to its customers.

13. Defendant, through its employees, failed to use reasonable care to protect Plaintiff against the hazardous condition which existed in the store, and this failure was the cause of Plaintiff's injuries, damages, or losses.

14. As a direct and proximate result or substantial factor of Defendant's actions and/or omissions, Plaintiff tripped on the protruding case of water, which resulted in injuries as stated above, as well as pain and suffering, emotional distress as a result of the fall, and other injuries which will be more particularly described at trial.

15. Due to the injuries sustained in the fall, Plaintiff has treated with medical providers and has complied with medical treatment, which will be more particularly described at trial.

## **FIRST CLAIM FOR RELIEF**
*Premises Liability Against Defendant - C.R.S. § 13-21-115*

16. Plaintiff hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though set forth fully herein.

17. At the time of the Plaintiff's fall, Defendant was a "landowner" within the meaning of C.R.S. § 13-21-115(1).

18. It was Defendant's express representation that the public, including Plaintiff, was requested, expected or intended to enter or remain upon its premises.

19. At the time of the fall, Plaintiff was a "business invitee" of Defendant, which on information and belief, had common-law and contractual duties to Plaintiff, either directly or indirectly, as a third-party beneficiary between Defendant to allow Plaintiff to enter and transact through a safe and non-hazardous premises. It was Defendant's express representation that the public was requested, expected, or intended to enter or remain upon such premises.

20. At the time of the fall, Defendant, as a statutory or actual "landowner," was legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property within the meaning of C.R.S. Section 13-21-115(1), and Plaintiff was an "invitee" of Defendant as she was a person who entered or remained on the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. Section 13-21-115(c).

21. Defendant is directly or imputably liable to Plaintiff as a "business invitee" for damages and injuries sustained by Plaintiff and caused by Defendant for the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

22. Defendant, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, is liable for its actions and inactions for economic damages, including medical expenses, and for non-economic damages, including, but not limited to, loss of enjoyment of life, pain and suffering and emotional distress as a result of the fall, all in amounts to be proven at trial.

23. Prior to and leading up to the time Plaintiff was injured, Defendant and/or its employees failed to exercise reasonable care to protect against dangers of which it knew or should have known.

24. Defendant failed to warn individuals, including trespassers, licensees and/or invitees, of the dangerous condition presented by the case of bottled water protruding from underneath a store register where Plaintiff was injured.

25. At the time of the fall, Defendant Dollar Tree Stores, Inc. owned and/or controlled the Dollar Tree #2580 store where Plaintiff was injured.

26. At the time of the fall, a condition existed on the premises which created an unreasonable risk of injury to persons such as Plaintiff.

27. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

28. Plaintiff, at all times relevant hereto, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

    a. Compensation for economic losses, both past and future;

    b. Compensation for non-economic losses for pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and anxiety, both past and future;

    c. Compensation for other expenses sustained or incurred;

    d. Attorneys' fees as provided by law;

    e. Pre- and post-judgment interest as provided by law;

    f. Costs, including expert witness fees, as provided by law; and

    g. Such further relief as the Court deems just and proper.

DATED this 19th day of January, 2021.

                                    **GEOFFREY S. GULINSON & ASSOCIATES, P.C.**

*A duly signed original on file at the office of*
*Geoffrey S. Gulinson and Associates, P.C.*


*s/   Geoffrey S. Gulinson*
Geoffrey S. Gulinson, #19351
Attorneys for Plaintiff

<u>Plaintiff's Address</u>:
4362 Kirk Court
Denver, CO 80249

5